Rosa GONZALEZ and Cruz Gonzalez, Appellants,

v.

HEARD, GOGGAN, BLAIR & WILLIAMS, Appellee.

No. 13–93–453–CV.

Court of Appeals of Texas, Corpus Christi.

May 2, 1996.

Rehearing Overruled May 30, 1996.

John F. Hood, Brownsville, Carter C. White, Austin, for appellants.

Christopher L. Phillippe, Brownsville, Karl E. Hays, San Antonio, for appellee.

Before DORSEY, DALLY [1], and BASS [2], JJ.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

## OPINION ON MOTION
## FOR REHEARING

DORSEY, Justice.

On original submission we affirmed the grant of summary judgment for appellee. Upon reconsideration we grant rehearing, reverse the judgment below, and remand for trial.

This is an appeal from a summary judgment based on sovereign immunity. The theory is that the law firm representing a governmental entity is shielded from suit by the same immunity that protects the unit of government. Appellee, Heard, Goggan, Blair and Williams, is a law firm collecting delinquent ad valorem taxes for Cameron County, the City of Harlingen and the Harlingen Independent School District. Cruz and Rosa Gonzalez, appellants, were taxpayers who owed delinquent ad valorem taxes to those taxing entities. Their property was scheduled to be sold at auction at a certain date for the delinquencies. Appellants allege that an attorney with the law firm extended the deadline for payment and promised them that their home would not be sold as scheduled if the delinquencies were paid. Although the Gonzalezes paid their delinquent taxes as agreed, their home was nonetheless sold at the originally scheduled auction.

The Gonzalezes sued the law firm asserting several causes of action. The law firm moved for summary judgment on the basis of sovereign immunity and the trial court granted it. Appellants perfected their appeal.

The sole ground asserted in appellee's motion for summary judgment is that the appellee's actions are protected by sovereign immunity. The law firm relies on language in the case of *City of Houston v. First City*, 827 S.W.2d 462 (Tex.App.—Houston [1st Dist.] 1992, writ denied). The court, after recognizing that collection of taxes is a governmental activity for a municipality and thus clothed with sovereign immunity, said:

It does not matter whether the attorney is a payroll employee of the governmental unit or a private attorney. Both are agents representing the governmental unit. Since the intended purpose of section 101.055 was to insure immunity to the

taxing unit while performing the governmental function of collecting revenue, imposing personal liability upon its agent while performing this governmental function would be contrary to public policy.

*Id.* at 481.

Attached to the motion were copies of the contracts between the law firm and the City of Harlingen and Cameron County, and the plaintiff's original petition.

After the motion for summary judgment was filed, appellants amended their petition, alleging causes of action sounding in negligence, negligent misrepresentation, constructive fraud, and breach of an oral contract. As alternative claims for relief, appellants pleaded negligence and negligent misrepresentation under the Tort Claims Act. In their response to the motion for summary judgment, appellants argued that the law firm has not established as a matter of law agency with the governmental units, and that the firm's true relationship is one of independent contractor. As an independent contractor, the firm is not entitled to the defense of sovereign immunity. The response also distinguished the *City of Houston* case relied on by the appellee.

The test for granting a summary judgment is whether a material issue of fact exists and, if not, whether the movant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *R.I.O. Systems, Inc. v. Union Carbide Corp.*, 780 S.W.2d 489, 490 (Tex.App.—Corpus Christi 1989, no writ). The burden is on the movant to establish its entitlement to summary judgment.

Sovereign immunity is the doctrine through which the government is not answerable to suit or to damages in its own courts unless it consents to be sued. The immunity is that of a government or its subdivision and is an incident of sovereignty; that is, the power and right to govern. Sovereignty has not resided in a person in Texas since independence from the Spanish monarchy in 1821.

The immunity from suit that applies to individuals who are officials of the govern-

ment is "official immunity," not sovereign immunity. *Perry v. Texas A & I University,* 737 S.W.2d 106, 109 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). The summary judgment could not have been based on sovereign immunity of an individual or law firm.

■ In their response to the motion for summary judgment appellants argued the law firm was an independent contractor of the city and school district and the firm was not an employee or agent. The summary judgment evidence, sparse as it is, includes the contracts between the firm and the units of government. In its motion for summary judgment, the law firm did not argue that the taxing authorities had the right to control the details of the work or other criteria that would distinguish the relationship of employee from that of independent contractor.

An analogous line of highway construction cases presents persuasive reasoning for not allowing the law firm to be shielded by the sovereign immunity of its client. In *Overstreet v. McClelland,* 13 S.W.2d 990 (Tex.Civ.App.—Amarillo 1928, writ dism'd), a motorist; injured by colliding with dirt piled on the highway by a contractor repairing the highway under a contract with the state, sued the contractor for negligence. The contractor responded with a plea of sovereign immunity; that is, that he was an agent of the state and as such immune from suit and that he could not be held liable for negligence in the performance of his contract with the state highway commission. The court held that the contractor had a duty of ordinary care and the issue of whether a party is an independent contractor or an agent "may be a question of fact to be determined by a jury." *See also Maryland Casualty v. Scruggs,* 277 S.W. 768 (Tex.Civ.App.—Amarillo 1925, writ ref'd); *Ross Anglin and Son v. Brennan,* 466 S.W.2d 832 (Tex.Civ.App.—Austin 1971, no writ); *Wedegartner v. Skoruppa,* 236 S.W.2d 216 (Tex.Civ.App.—San Antonio 1951, no writ).

In all of the preceding cases, the construction companies were performing the governmental function of paving public roads for the State of Texas. However, each company supplied its own personnel, equipment, and materials for completing the government contracts. Furthermore, each company controlled the day to day details and decisions concerning the construction work while the government only gave its approval to the final product. These characteristics raised a genuine issue of material fact as to whether the paving contractors were agents or independent contractors. If a firm is an independent contractor, there is no immunity from suit.

In the present action there is at the very least a question of fact as to the status of the appellee law firm: is it an independent contractor or an agent/employee? Because the movant law firm did not establish as a matter of law it is the agent of the taxing authorities, the summary judgment should be reversed on that ground alone.

The language in the *City of Houston* opinion relied on by Heard, Goggan is taken out of context and is not controlling. In *City of Houston,* the suit against the city alleged accord and satisfaction of tax liability, and that the city had breached the terms of the accord and satisfaction by misapplying funds provided. *City of Houston,* 827 S.W.2d at 468. The law firm was added as a defendant for its role in advising the city in its handling of the money. Under general agency law, however, the court determined that even if the law firm did advise the city to misapply the tax monies at issue, they did not participate in breaching the contract, and were not personally or independently liable for the actions of their principal, the city. *Id.* at 480. The language cited by Heard, Goggan is part of the court's disposal of the argument that the collection of taxes, although normally a governmental function, had become a proprietary function of the law firm by virtue of the contract between the law firm and the city. By the language cited above, the court was merely holding that tax collection does not become such a proprietary function. The court was not holding that a private tax collection firm is always protected from liability by the sovereign immunity of the governmental taxing body. The court in fact specifically distinguished *City of Houston* from cases in which "an action will lie against an agent because of a wrong for which the agent is personally and independently re-

sponsible." *Id.* The case at bar alleges facts that fall into this second kind of case, in that Heard, Goggan is being sued for its own actions involving foreclosure on the Gonzalez' property, not the actions of the taxing entities.

The summary judgment was improperly granted. We grant rehearing, withdraw our prior opinion, and reverse the summary judgment.