NUMBER 13-01-00852-CV
 
COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG




SILVERIO ZUNIGA and REFUGIA ZUNIGA,                             Appellants,

v.

NAVARRO & ASSOCIATES, P.C. and
RASHAY A. KOSTER CHAPA, Individually                               Appellees.




On appeal from the 404th District Court
of Cameron County, Texas.




O P I N I O N

Before Justices Hinojosa, Yanez, and Castillo
 Opinion by Justice Castillo

         Appellants Silverio Zuniga and his wife Refugia Zuniga sued appellees Navarro &
Associates, P.C., and Rashay A. Koster Chapa, an associate in the Navarro law firm. The
trial court granted Navarro and Chapa's traditional motion for summary judgment on their
affirmative defenses of governmental and official immunity. This appeal ensued. In five
issues, appellants complain that Navarro and Chapa: (1) failed to prove that they were
employees of a governmental entity; (2) exceeded the scope of their authorized
employment; (3) failed to prove performance of discretionary acts; (4) failed to prove 
good faith; and, (5) filed a conclusory summary-judgment affidavit. Because Navarro and
Chapa did not prove the elements of agency and good faith necessary to their affirmative
defense, we reverse the summary judgment and remand the case to the trial court.
I. BACKGROUND



          In the summer of 1999, the San Benito Consolidated Independent School District
("SBCISD") advertised a foreclosed-upon home in Cameron County to be sold in a tax
sale. SBCISD had contracted with Navarro to "enforce by suit or otherwise the
collection of all delinquent taxes, penalties, and interest" related to the school district. 
Interested in purchasing the home and claiming they were inexperienced in the
workings of a sheriff's sale for delinquent taxes, the Zunigas contacted Chapa to 
determine whether the home could be safely purchased. According to the Zunigas,
Chapa informed the Zunigas that the property could be safely purchased as a title
search had revealed no outstanding liens or other title defects. The Zunigas eventually
purchased the home, paying $90,000.00 for the property in question. After the
purchase, the Zunigas learned that excess proceeds from the sale were deposited in
the court's registry. The trial court authorized the former owner, Saul Carbajal, to
withdraw the excess funds, totaling $83,467.63, from the court's registry. Although
the trial court subsequently ordered the funds returned to the registry, Carbajal filed for
bankruptcy relief and did not return the funds. 
          Meanwhile, the Zunigas discovered that Associates Financial Corporation of
Delaware ("AFCD") held a lien on the property in excess of $120,000. AFCD foreclosed
on the property. The Zunigas sued Navarro, Chapa, and AFCD to recover their
investment. 
          In their live pleading, the Zunigas alleged various causes of action including
misrepresentation, deceptive trade practices, consumer protection violations, and statutory
and common law fraud. In their unverified answer, Navarro and Chapa asserted their
affirmative defenses of sovereign or official immunity and capacity. They subsequently
filed a traditional motion for summary judgment on their affirmative defenses of
governmental and official immunity. The Zunigas filed their response. The trial court
granted the motion. The Zunigas filed a motion for new trial as well as a motion to sever,
requesting the causes of action against Navarro and Chapa be severed from the cause of
action against AFCD. The court granted the motion to sever but denied the Zunigas,
motion for new trial. This appeal ensued. 
II. JURISDICTION
          The initial inquiry for our court is always whether we have jurisdiction over an
appeal. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993). The
question of jurisdiction is a legal issue. Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). Therefore, we follow the de novo standard of review. 
Id. A court's jurisdiction is never presumed. Alaniz v. Hoyt, 105 S.W.3d 330, 335 (Tex.
App.–Corpus Christi 2003, no pet.) (citing El-Kareh v. Tex. Alcoholic Beverage Comm'n,
874 S.W.2d 192, 194 (Tex. App.–Houston [14th Dist.] 1994, no writ)). If the record does
not affirmatively demonstrate the appellate court’s jurisdiction, the appeal must be
dismissed. Id. Absent an express grant of authority, we do not have jurisdiction to review
an interlocutory order. Steeple Oil & Gas Corp. v. Amend, 394 S.W.2d 789, 790 (Tex.
1965) (per curiam); see Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2003). 
Therefore, before we consider the issues, we first must determine if the order granting
summary judgment is a final judgment. 
          The order granting summary judgment reads as follows:
On this 20th day of September, 2001, [the] Motion for Summary Judgment
was considered. Upon consideration of the pleadings, argument and
authority submitted by the parties, this Court is of the opinion that the
Defendant[s'] Motion for Summary Judgment should be GRANTED. 
 
IT IS THEREFORE, ORDERED ADJUDED [sic] AND DECREED, that the
Defendant[s'] Motion for Summary Judgment is hereby GRANTED in its
entirety. 
 
            After examining the pleadings and summary-judgment record, we conclude that the
order disposes of all pending parties and claims. See Guajardo v. Conwell, 46 S.W.3d
862, 863-64 (Tex. 2001) (per curiam). Accordingly, we find that the order is a final
judgment over which we have jurisdiction. See id. We turn to the issues on appeal.III. STANDARD OF REVIEW
          The function of summary judgment is to eliminate patently unmeritorious claims and
defenses, not to deprive litigants of the right to a jury trial. City of Houston v. Clear Creek
Basin Auth., 589 S.W.2d 671, 678 n.5 (Tex. 1979); Swilley v. Hughes, 488 S.W.2d 64, 68
(Tex. 1972). On appeal, the standard of review for the grant of a motion for summary
judgment is determined by whether the motion was brought on no-evidence or traditional
grounds. Tex. R. Civ. P.166a(i), (c); Ortega v. City Nat’l Bank, 97 S.W.3d 765, 771 (Tex.
App.–Corpus Christi 2003, no pet. h.) (op. on reh’g). We review de novo a trial court's
grant or denial of a traditional motion for summary judgment. Ortega, 97 S.W.3d at 772. 
The movant bears the burden of showing both no genuine issue of material fact and
entitlement to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); see also Ortega,
97 S.W.3d at 771. In deciding whether there is a genuine issue of material fact, we take
evidence favorable to the non-movant as true. Ortega, 97 S.W.3d at 771. We make all
reasonable inferences and resolve all doubts in favor of the non-movant. Id. 
          When a defendant moves for summary judgment based on an affirmative defense
such as official immunity, the movant must prove all elements of the defense. City of
Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). In making this determination,
we apply the well-established standards for review of summary judgment. See Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). If a summary judgment is
granted generally, without specifying the reason, it will be upheld if any ground in the
motion for summary judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569
(Tex.1989); Weakly v. East, 900 S.W.2d 755, 758 (Tex.App.–Corpus Christi 1995, writ
denied). 
IV. THE RECORD
A. The Motion and Evidence
          As grounds in their motion for summary judgment, Navarro and Chapa asserted
they were immune from any claim because of the doctrine of sovereign or governmental
immunity and official immunity. Navarro and Chapa pointed to section 101.055 of the civil
practice and remedies code as providing statutory protection from liability


 because they
were delinquent tax attorneys performing a governmental function for a governmental unit
and the attorney-client relationship was an agency relationship. Their sole summary
judgment evidence was Chapa's affidavit, which states:
Navarro & Associates, P.C., is employed by the San Benito Consolidated
Independent School District to enforce the collection of the School Districts'
[sic] ad valorem taxes. In the scope of that employment, Navarro and
Associates, P.C. is the agent for the San Benito School District's delinquent
tax collection. 
 
          On December 3, 1998, a law suit was filed on behalf of the San Benito
CISD, case number 98-12-4836-C, against Saul Carbajal as the owner of
[the property in question]. 
 
          Thereafter on May 19, 1999, the San Benito CISD recovered a
judgment in suit number 98-12-4836-C, and subsequently an order of sale
was issued on July 8, 1999, to foreclose the tax lien.
 
          The Cameron County Sheriff's Department levied upon the property
on July 8, 1999, and the property was advertised for sale at public auction
in accordance with the law. Thereafter on August 1, 1999, the property
securing the tax lien was sold by the Cameron County Sheriff's Department
to the highest bidder for $90,000. The sale produced excess proceeds of
$83,467.63 which were deposited with the district clerk who issued the order
of sale, as provided by law.
 
          On September 8, 1999, without notice to any of the parties as required
by law, the Court ordered the release of the excess proceeds to the prior
owner/defendant Saul Carbajal. Subsequently, the Court ordered Saul
Carbajal to return the excess proceeds to the clerk of the court in the amount
of $83,467.63. Saul Carbajal has not yet returned the excess proceeds to
the Court as ordered, but has filed for Bankruptcy instead. 
 
          At all times relevant to the filing of the lawsuit and foreclosure of the
tax lien of the property in question, I , Rashay Koster Chapa, was acting in
the scope of my authority as an associate attorney for Navarro & Associates,
P.C., and in the scope of my employment with the San Benito CISD as their
delinquent tax attorney. At all times relevant, Navarro & Associates, P.C.,
was employed by the San Benito CISD as their delinquent tax attorneys. 
 
C. The Zunigas' Response
 
          We note that a non-movant in a summary judgment proceeding is not required to
produce summary judgment evidence until after the movant establishes it is entitled to
summary judgment as a matter of law. Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). 
In fact, the non-movant "needs no exception, answer or response to the motion to contend
on appeal that the grounds expressly presented to the trial court by the movant's motion
are insufficient as a matter of law to support the summary judgment." McConnell v.
Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993). In addition, a plaintiff can
bar a defendant's entitlement to a summary judgment by responding with evidence that
creates a fact question on at least one element of each affirmative defense advanced by
the defendant. Poncar v. Mission, 797 S.W.2d 236, 239 (Tex. App.–Corpus Christi 1990,
no writ); see also Payne v. City of Galveston, 772 S.W.2d 473, 475 (Tex. App.–Houston
[14th Dist.] 1989, writ denied); Byrd Int'l of Dallas, Inc. v. Elec. Data Sys. Corp., 629
S.W.2d 177, 178 (Tex. App.–Dallas 1982, writ ref'd n.r.e.). 
          In their response, the Zunigas stated that governmental immunity did not apply
because: (1) they did not sue Navarro and Chapa for their acts in foreclosing on or selling
the property; (2) they based their claims on misrepresentations made outside of the
foreclosure or tax collection process; (3) as governmental immunity applies only to a
sovereign or an official, and a law firm is neither, governmental immunity provided no
defense for Navarro; (4) Navarro's contract with SBCISD neither authorized Chapa to
make representations concerning the property nor authorized her to provide information
to potential purchasers; and, (5) Navarro and Chapa exceeded the scope of their authority. 
         To their response, the Zunigas attached two verified exhibits: (1) the flyer posted
to advertise the tax sale of the property in question; and, (2) the contract between SBCISD
and Navarro. The Zunigas also attached a joint affidavit. In their affidavit, the Zunigas
stated: (1) they received a flyer sent out by SBCISD and became interested in one of the
properties to be sold; (2) they were not familiar with matters pertaining to real estate and
attempted to gain information from SBCISD; (3) school district personnel would not or
could not answer their questions and referred them to Chapa; (4) they contacted Chapa
and asked her "several legal questions about the property"; (5) those questions included
"whether or not it was safe" for the Zunigas to invest their life savings in the property; (6)
Chapa informed them that "title to the property had been checked for liens and there were
none"; (7) when they spoke to Chapa immediately before the tax sale, she once again
assured them that they would be safe buying the property "since there were no outstanding
lien holders who had not been notified of the sale;" (8) they relied on this information when
they bid on and purchased the property; (9) they were notified approximately a year after
their purchase of AFCD's outstanding lien in excess of $100,000 on the property; and, (10)
at about the same time, they learned that their $90,000 was used to pay the delinquent
taxes owed, the remaining funds were deposited into the court's registry, and the court
allowed Carbajal to withdraw the excess funds.           
V. IMMUNITY
          Navarro and Chapa moved for summary judgment based on the affirmative
defenses of governmental and official immunity. Governmental immunity encompasses
two principles: immunity from liability and immunity from suit. Fed. Sign v. Tex. S. Univ.,
951 S.W.2d 401, 405 (Tex. 1997). Immunity from suit protects the state from being sued
without its consent. Texas DOT v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Absent the
state's, or in this case the school district's agent's consent to suit, a trial court lacks subject
matter jurisdiction. See id.
          It is well settled that a motion for summary judgment may be based on the
affirmative defense of governmental immunity. Shives v. State, 743 S.W.2d 714, 715 (Tex.
App.–El Paso 1987, writ denied); see also Davis v. City of San Antonio, 752 S.W.2d 518,
519-20 (Tex. 1988). A trial court should grant a defendant's motion for summary judgment
if it either disproves at least one essential element of each of the plaintiff's causes of action
or establishes all the elements of an affirmative defense. Am. Tobacco Co. v. Grinnell, 951
S.W.2d 420, 425 (Tex. 1997). In the latter instance, every factual element of an affirmative
defense must be conclusively established. Poncar, 797 S.W.2d at 239; Emmer v. Phillips
Petroleum Co., 668 S.W.2d 487, 490 (Tex. App.–Amarillo 1984, no writ); see also
Montgomery v. Kennedy, 669 S.W.2d 309 (Tex. 1984). Therefore, a defendant must
establish each element of official immunity conclusively in order to obtain summary
judgment on that defense. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex.
1994). A defendant asserting sovereign or governmental immunity must prove conclusively
that they are eligible to take advantage of that affirmative defense as well. Cameron
County v. Carrillo, 7 S.W.3d 706, 709 (Tex. App.–Corpus Christi 1999, no pet.) and 
Herrera v. Spencer, No. 13-02-386-CV, 2003 Tex. App. LEXIS 8833, at *3 (Tex.
App.–Corpus Christi Oct. 6, 2003, no pet.) (citing Shah v. Moss, 67 S.W.3d 836, 842 (Tex.
2001)). A. Official Immunity
          Official immunity inures to all governmental employees who perform discretionary
functions in good faith and within their authority. City of Lancaster, 883 S.W.2d at 653. 
In order to obtain summary judgment on the basis of governmental immunity, the movant
must conclusively establish that the employee in question was: (1) performing
discretionary duties; (2) that were within the scope of the employee's authority; and (3) the
employee acted in good faith. Telthorster v. Tennel, 92 S.W.3d 457, 461 (Tex. 2002); 
Kassen v. Hatley, 887 S.W.2d 4, 9 (Tex. 1994). If we find that the movant established the
affirmative defense of official immunity as a matter of law, we then must consider whether
the non-movant produced summary judgment proof raising a fact issue that would defeat
summary judgment on that basis. See Gonzalez v. City of Harlingen, 814 S.W.2d 109, 112
(Tex. App.–Corpus Christi 1991, writ denied). 
B. Sovereign Immunity

          Sovereign immunity and official immunity are not synonymous. Official immunity
protects individual officials from liability DeWitt v. Harris County, 904 S.W.2d 650, 653 (Tex.
1995). Sovereign immunity protects the state, state agencies, and other governmental
entities from lawsuits for damages. Gen. Servs. Comm'n v. Little-Tex Insulation Co., 39
S.W.3d 591, 594 (Tex. 2001). The law is well settled in this state that an independent
school district is an agency of the state and, while exercising governmental functions, is not
answerable for its negligence in a suit sounding in tort. Barr v. Bernhard, 562 S.W.2d 844,
846 (Tex. 1978); see, e.g., Braun v. Trs. of Victoria Indep. School Dist., 114 S.W.2d 947
(Tex. Civ. App.–San Antonio 1938, writ ref'd); Coleman v. Beaumont Indep. School Dist.,
496 S.W.2d 245 (Tex. Civ. App.–Beaumont 1973, writ ref'd n. r. e.).            VI. ANALYSIS
          Navarro and Chapa asserted that they were immune from liability under the 
doctrines of sovereign and official immunity. The trial court agreed. A. Official Immunity
          In deciding whether summary judgment proof conclusively establishes the
official-immunity defense, we must determine whether there are disputed facts material to
its elements. See Tennell, 92 S.W.3d 457 at 461. In this case, in their first issue, the
Zunigas dispute that Navarro and Chapa were employees or agents of a governmental
entity. In their second issue, the Zunigas complain Navarro and Chapa exceeded the
scope of their authority. In their third issue, the Zunigas dispute that Navarro and Chapa
were performing discretionary acts. In their fourth issue, the Zunigas state Navarro and
Chapa provided no evidence of good faith. 1. The Agent-Employee Question
          In their first issue, the Zunigas complain that Navarro and Chapa failed to prove they
were agents or employees of a governmental entity and, thus, entitled to immunity.        As
grounds for summary judgment, Navarro and Chapa relied on their contractual relationship
with SBCISD to prove that they are immune to liability in this case. They asserted that
Chapa's summary-judgment affidavit established the "employment-agency relationship"
between Navarro and SBCISD. They added that Chapa could not be held liable in her
individual capacity as Navarro's employee. Navarro and Chapa pointed to section 101.001
of the civil practice and remedies code, asserting that they were "attorneys-agents" of the
school district entitled to sovereign or governmental immunity. See Tex. Civ. P. & Rem.
Code §101.001 et seq. (Vernon Supp. 2004-2005).
          "Employee" means a person, including an officer or agent, who is in the paid service
of a governmental unity by competent authority, but does not include an independent
contractor, an agent or employee of an independent contractor, or a person who performs
tasks the details of which the governmental unit does not have the legal right to control. 
Tex. Civ. Prac. & Rem. Code §101.001(2) (Vernon Supp. 2004-05). In general, a
"governmental unit" is an agency or political subdivision of the state. Tex. Civ. Prac. &
Rem. Code §101.001(3)(A) and (B) (Vernon Supp. 2004-2005). Thus, to be an employee,
a person must be under the control and direction of the alleged employer. Rodriguez v.
Texas MHMR, 942 S.W.2d 53, 56 (Tex. App.–Corpus Christi 1997, no writ) (writing in the
context of the Texas Torts Claims Act and sovereign immunity). 
          An independent contractor, on the other hand, is only responsible to its employer for
the result of the work to be performed. Clark v. Texaco, 382 S.W.2d 953, 958 (Tex.
App.–Dallas 1964, writ ref. n.r.e.); see also Sherard v. Smith, 778 S.W.2d 546, 458 (Tex.
App.–Corpus Christi 1989, writ denied). The test to determine whether a worker is an
employee rather than an independent contractor is whether the employer has the right to
control the progress, details, and methods of operations of the work. Limestone Prods.
Distrib. v. McNamara, 71 S.W.3d 308, 312 (Tex. 2002); (citing Thompson v. Travelers
Indem. Co., 789 S.W.2d 277, 278 (Tex. 1990)); see also Farrell v. Greater Houston Transp.
Co., 908 S.W.2d 1, 3 (Tex. App.–Houston [1st Dist.] 1995, writ denied). The party who
relies on the existence of an alleged relationship has the burden of proving that such an
agency relationship exists. Bernson v. Live Oak Ins. Agency, 52 S.W.3d 306, 309 (Tex.
App.–Corpus Christi 2001, no pet.). If a firm is found to be an independent contractor, it is
not entitled to the defense of sovereign immunity. Gonzales v. Heard, Goggan, Blair, &
Williams, 923 S.W.2d 764, 765 (Tex. App–Corpus Christi 1996, writ denied).
          Here, Chapa's affidavit comprised the only proof to show Navarro and Chapa were
"employee-agents" of SBCISD entitled to immunity. Chapa's affidavit claimed: (1) Navarro
was the agent for SBCSD; and (2) she was an associate of Navarro. Essentially, Navarro
and Chapa's theory in their motion and now on appeal is that the law firm representing a
governmental entity is shielded from suit by the same immunity that protects the unit of
government. See Gonzalez, 923 S.W.2d at 765. 
          Affidavits consisting only of conclusions are insufficient to raise an issue of fact. 
Brownlee v. Brownlee, 665 S.W.2d 111, 112 (Tex. 1984). An affidavit supporting a motion
for summary judgment must set forth facts, not legal conclusions. See Krishnan v. Law
Offices of Preston Henrichson, P.C., 83 S.W.3d 295, 299 (Tex. App.–Corpus Christi 2002,
pet. denied). However, this does not mean that logical conclusions based on stated
underlying facts are improper. Montemayor v. Chapa, 61 S.W.3d 758, 764 (Tex.
App.–Corpus Christi, 2001, no pet.). 
          Chapa's affidavit provides no underlying facts to support the conclusion that Navarro
was an agent of a governmental entity. The affidavit provides no facts to support the
conclusion that she was an employee-agent of the same sovereign. Indeed, left
unaddressed is whether SBCISD, the governmental unit, retained the legal right to control. 
Tex. Civ. Prac. & Rem. Code §101.001(2) (Vernon Supp. 2004-05). 
          This court's decision in Gonzales addressed a situation very similar to the case at
hand. Gonzalez, 923 S.W.2d at 765. In that case, Cameron County, the City of Harlingen,
and the Harlingen Independent School District employed a law firm to collect ad valorem
taxes on their behalf. Similar to this case, the summary judgment evidence offered by the
law firm consisted of copies of the contracts between the law firm and the city. The court
found that the law firm did not prevail on their theory of immunity because the firm failed to
prove that the "taxing authorities had the right to control the details of the work or other
criteria that would distinguish the relationship of employee from that of independent
contractor." Gonzales, 923 S.W.2d at 766. This court found that there was at the very least
a question of fact as to the status of the appellee law firm, namely, whether or not the firm
was an independent contractor or an agent-employee. We found that the law firm did not
establish as a matter of law that it was the agent of the taxing authorities and reversed the
summary judgment granted in favor of the law firm. Id. 
          We hold that Navarro and Chapa did not establish as a matter of law that they were
agents-employees of SBCISD. 
2. The Good Faith Element
          In their fourth issue, the Zunigas complain that Navarro and Chapa failed to prove
the good faith element of their immunity defense. Even assuming that Navarro and Chapa
established the agency-employee relationship with SBCISD, Navarro and Chapa were
required to prove good faith. Telthorster, 92 S.W.3d at 461; Kassen v. Hatley, 887 S.W.2d
at 9. 
          Good faith may be established by the official's own affidavit. Vela v. Rocha, 52
S.W.3d 398, 405 (Tex. App.–Corpus Christi 2001, no pet.). The testimony must be clear,
positive and direct, otherwise credible and free from contradictions and inconsistencies, and
must be readily controvertible. Id. Good faith in official immunity cases must be measured
against a standard of objective legal reasonableness, without regard to the actor's
subjective state of mind. Hidalgo County v. Gonzalez, 128 S.W.3d 788, 794 (Tex.
App.–Corpus Christi 2004, no pet.). Mere conclusory statements by an affiant that a
reasonable official could have taken the same action are insufficient to establish good faith. 
 Wadewitz v. Montgomery, 951 S.W.2d 464, 466-67 (Tex.1997). 
          Chapa's affidavit does not provide facts to support the element of good faith. Indeed,
it does not address the element. Thus, Navarro and Chapa did not establish as a matter
of law the element of good faith.  
B. Sovereign Immunity
          In their summary judgment response, the Zunigas clarify that they sued Navarro for
its own actions involving information provided the Zunigas and not for the actions of the
taxing entity SBCISD. The summary-judgment affidavit does not address this critical
distinction. Nevertheless, sovereign immunity is the doctrine through which the government
is not answerable to suit or to damages in its own courts unless it consents to be sued. 
Gonzalez, 923 S.W.2d 765-66. The immunity is that of a government or its subdivision and
is an incident of sovereignty; that is, the power and right to govern. Id. Sovereignty has
not resided in a person in Texas since independence from the Spanish monarchy in 1821. 
Id. The immunity from suit that applies to individuals who are officials of the government
is official immunity not sovereign immunity. Id. The law firm is not a state, state agency,
or other governmental entity. Tex. Civ. Prac. & Rem. Code §101.001(3) (Vernon Supp.
2004-2005). Neither is an associate of the law firm. Id. Thus, Navarro and Chapa, a law
firm and an associate in that law firm, are not sovereigns entitled to immunity. See
Gonzalez, 923 S.W.2d at 765-66. Sovereign immunity protects governmental entities from
lawsuits for damages. Gen. Servs. Comm'n, 39 S.W.3d at 594; see Wichita Falls State
Hosp. v. Taylor, 106 S.W.3d 692, 695 n.3 (Tex. 2003). Accordingly, Navarro and Chapa
did not show they were entitled to sovereign immunity as a matter of law. We conclude
summary judgment on the ground of sovereign immunity was improper. 
VII. DISPOSITION
          The summary-judgment evidence fails to definitively establish that Navarro and
Chapa were agents or employees of a governmental entity acting in good faith. Thus, we
conclude that Navarro and Chapa did not establish as a matter of law that they were entitled
to official immunity. Because neither is a sovereign, and, indeed, the Zunigas sued on other
than the acts of a sovereign, summary judgment was improper on the ground of sovereign
immunity. Having reviewed, as we must, the summary
judgment de novo, we sustain the Zunigas' first and fourth issues. We need not address
the remaining issues presented. See Tex.R.App.P. 47.1.  
VIII. CONCLUSION
 We reverse the summary judgment and remand the case to the trial court.
 
 
 
 
                                                                           ERRLINDA CASTILLO
                                                                           Justice
 
Opinion delivered and filed
this 10th day of March, 2005.