Opinion issued November 18, 2010

 



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00082-CV

———————————

Gwen Ross and Phoenix II, Inc., Appellants

V.

Linebarger,
Goggan, Blair & Sampson, L.L.P., Mandy Oyugi, Damon D. Edwards, and Maris
A. Blair,
Appellees



 



 

On Appeal from the 400th District Court

Fort Bend County, Texas



Trial Court Case No. 08-DCV-166027

 



 

O P I N I O N

          In
this interlocutory appeal, appellants, Gwen Ross and Phoenix II, Inc.
(collectively, “Ross”) contend that the trial court erred in granting the plea
to the jurisdiction of appellees, Linebarger, Goggan, Blair & Sampson, LLP,
Mandy Oyugi, Damon D. Edwards, and Maris A. Blair (collectively, “Linebarger”).[1]  In three issues, Ross contends that the trial
court erred in (1) granting Linebarger’s plea to the jurisdiction because the
law firm and its employees are not entitled to immunity from suit; (2) denying
Ross’s motion to strike evidence; and (3) overruling Ross’s objections to
Linebarger’s evidence.

          We affirm.

Background

          On
June 14, 2004, Fort Bend County sued Phoenix, a Texas general partnership not
listed with the secretary of state, for collection of unpaid taxes on property
located in Sugar Land, Fort Bend County. 
Fort Bend Independent School District and the City of Sugar Land
subsequently joined as additional plaintiffs, and, on February 9, 2005, the
trial court entered a default judgment against Phoenix for unpaid taxes.

          Ross
discovered that Fort Bend County, Fort Bend Independent School District, and
the City of Sugar Land (collectively, “the taxing entities”) planned to sell
the property pursuant to the default judgment.[2]  She contacted the taxing entities, and they
referred her to Linebarger.  Through
Linebarger, Ross entered into an Installment Payment Agreement with the Fort
Bend County Tax Assessor, Patsy Schultz, to begin making payments on her past
due taxes on November 20, 2005, and to continue making payments until she had
paid the 2004 taxes in full.  The
agreement also stated, 

2. PAYMENT FOR CURRENT
TAXES  As a condition of this Contract,
you will pay your 2004 taxes now and all future taxes assessed by the taxing
authorities before the taxes become delinquent during the time of this
Contract, or this Contract will become null and void IMMEDIATELY.

 

3. LAWSUITS, JUDGMENTS, and
SALES (IF APPLICABLE)  If a delinquent
tax suit has been filed against you, you agree to the immediate entry of a
judgment in this cause ([handwritten] in cause numbers 04-CV-138630 and
04-CV-136704).  Further, you agree taxing
authorities may foreclose its tax lien if you default under this Contract. . .
.  In the event you default, this
Contract will become null and void IMMEDIATELY, and the taxing authorities may
proceed with any collection remedies available.

 

This agreement was dated October 11, 2005, and was
signed by Ross as the taxpayer and Oyugi, a Linebarger employee, as the “Tax
Deputy.”

          Ross
subsequently defaulted on this agreement. 
The property was sold in a tax sale to Robert Gorringe on June 6, 2006.  On January 12, 2007, Ross paid Patsy Schultz
$108,146 to redeem the property. 
Gorringe objected to the redemption as untimely, and he subsequently
sold the property to a third party.[3]

Ross sued, alleging, “Present in
this case are three governmental subdivisions, [Fort Bend] County, [the City of
Sugar Land], [Fort Bend Independent School District].  Schultz is an official of [Fort Bend] County.  Linebarger, Oyugi, Edwards, and Blair are
agents of such governmental subdivisions.” 
Ross also sued Robert Gorringe, who purchased the property at the tax
sale, for trespass and other claims.  In
her petition, Ross alleged that she learned of the 2005 tax sale “from painters
she had working on the Property and who had observed several individuals taking
pictures of the Property and asked why such pictures were being taken.  Until informed of such sale by the painters,
Ross had no notice of such tax sale.”  Ross
alleged that she contacted the County tax office and was referred to
Linebarger.  An employee of Linebarger, Michelle
Cox, told her she had to bring a cashier’s check for $9,000 on or before June
30, 2005.

Ross alleged that she spoke with
Oyugi at Linebarger’s Richmond office on June 27, 2005, and that Oyugi informed
her “that Oyugi had someone who wanted to buy the Property.  Ross informed Oyugi that she was not
interested in selling the Property.” 
Ross also alleged that Oyugi failed to give her a copy of the November
2005 installment payment agreement, that she was not notified that she was
considered in default of that agreement, and that she was not notified of the
subsequent sale of the property to Gorringe. 
Ross further alleged that, after the sale to Gorringe, she contacted various
people, including an unnamed constable and Linebarger employees Edwards and
Blair, who misinformed her of the deadline for redeeming the property, and that
Schultz, Edwards, and Oyugi gave her conflicting information regarding whether
she had successfully redeemed the property.

Ross’s petition further stated:

Plaintiffs assert the
following causes of action against [Fort Bend] County, [Fort Bend] ISD, City
[of Sugar Land], Schultz, Linebarger, Oyugi, Edwards and Blair in their
official—if any—and individual capacities:

A.   Breach of contract

 

B.   Negligent misrepresentation

 

C.   Wrongful foreclosure

 

D.   Depriving Plaintiffs of
their rights to substantive and procedural due process of law under the
Constitution of the United States of America. 
To the extent applicable, Plaintiffs assert such claims under 28 U.S.C. section
1983.

 

E.    Plaintiffs challenge the
validity of the sale of the Property to Gorringe.

 

F.    In the alternative,
Plaintiffs assert their claim for excess proceeds.

 

In response, Linebarger filed a
“plea to the jurisdiction, motion for summary judgment, and motion to
sever.”  Linebarger argued that it was immune
from suit.  Specifically, it argued that
because its clients, the taxing entities, are protected by governmental
immunity, the law firm and its employees “are likewise protected from claims
asserted by [Ross] relating to their activities in the collection of taxes for
these entities under the doctrine of official immunity.”

Attached to Linebarger’s plea to
the jurisdiction and motion for summary judgment were the February 9, 2005
final judgment against Phoenix for the unpaid taxes, the November 2005
installment payment agreement signed by Ross and Oyugi, and several letters
addressed to Phoenix and to Phoenix and Ross purporting to give notice of the
pending sale of the property.

Linebarger also provided evidence
regarding the nature of its relationship to the taxing entities it
represented.  Edwards’ affidavit provided
a timeline of the events forming the basis of Ross’s suit and stated in
relevant part:

Linebarger is a law firm
that represents various taxing entities . . . including
those taxing entities named in this suit. 
Linebarger has been specifically engaged by Fort Bend County, Fort Bend
Independent School District, and the City of Sugar Land to represent them in
the collection of taxes owed to them from taxpayers within the
district/county.  The taxing entities
herein engaged Linebarger to file a prior suit(s) to collect delinquent taxes
on their behalf from Plaintiffs named herein. 
Pursuant to this engagement, and as a result of the contract between
Linebarger and the taxing entities, Linebarger did in fact file suit against
Plaintiffs . . . .  At all times
pertinent hereto, Linebarger was acting at the discretion of the relevant taxing
entities in collection efforts against Plaintiffs, in which Linebarger was
authorized to collect delinquent taxes on behalf of the taxing authorities as
their attorneys.

 

The record also contains numerous documents signed
by Edwards as the attorney representing the taxing entities.

Finally, Linebarger presented
evidence relating to Ross’s default on the November 2005 installment payment
agreement, the second notice of sale to Phoenix, dated May 2006, additional
correspondence between Edwards and Ross regarding Ross’s default on the
November 2005 installment payment agreement, and Ross’s answers to certain
interrogatories indicating that her own lawyer had informed her that the
deadline to redeem the property was January 10.

In her response, Ross argued that
Linebarger was not entitled to any form of immunity and, subject to that
argument, that Linebarger carried the burden of establishing its official
immunity and had failed to do so because it did not provide any facts proving that
it was an employee of the taxing entities rather than an independent
contractor.  Ross also argued that
Edwards’ affidavit averring that Linebarger had made no representations to her
was insufficient to support Linebarger’s plea, and she filed her own affidavit
averring facts to the contrary.

Ross also objected to and moved to
strike portions of Linebarger’s evidence. 
Specifically, Ross argued that certain items of Linebarger’s evidence
should be struck because they were requested but not produced prior to
Linebarger’s filing of its plea to the jurisdiction, motion for summary
judgment, and motion to sever.  Ross also
objected to several items of Linebarger’s evidence, arguing that Linebarger had
failed to lay the proper predicate for their admission, that Linebarger had failed
to authenticate some of the exhibits, and that some of the exhibits constituted
inadmissible hearsay.

On January 7, 2010, the trial court
denied Ross’s motion to strike evidence and overruled all of her objections to
Linebarger’s evidence.  The trial court
also signed an order entitled “ORDER GRANTING LINEBARGER DEFENDANTS’ PLEA TO
THE JURISDICTION.”  The heading of the order also
originally contained the words “and motion to sever,” which were struck through
by the trial court.  The order stated
that the trial court, “after reviewing the Plea, Motion and Responses thereto,
all pleadings on file, arguments of counsel, and all supporting evidence, is of
the opinion that said Plea to the Jurisdiction and Motion to Sever should be
and hereby are GRANTED.”  The trial court
further ordered that “all such claims that were raised or could have been
raised against Linebarger Defendants by Plaintiff are dismissed with prejudice
as to the refiling of same.”  The trial
court then struck through the particular language ordering the severance of the
Linebarger defendants’ claims.  This appeal followed.

Appellate Jurisdiction

            We are
required to review issues affecting our appellate jurisdiction sua sponte.  M.O.
Dental Lab v. Rape, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam).  Because the trial court’s January 7, 2010
order addresses only the claims against Linebarger, and the record contains no
indication that the trial court has disposed of the taxing entities or
Gorringe, the other defendants in this case, the order is not final.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001) (holding that
order is final when it disposes of all claims and parties).

          However,
Civil Practice and Remedies Code section 51.014(a) provides that “[a] person
may appeal from an interlocutory order of a district court, county court at
law, or county court that . . . grants or denies a plea to the jurisdiction by
a governmental unit as that term is defined in Section 101.001.”  Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).  Section 101.001 defines “governmental unit”
as:

(A) this state and all the
several agencies of government that collectively constitute the government of
this state . . . ;

 

(B)  a political subdivision of this state,
including any city, county, [and] school district . . . ;

 

(C)  an emergency services organization; and

 

(D) any other institution,
agency, or organ of government the status and authority of which are derived
from the Constitution of Texas or from laws passed by the legislature under the
constitution.

 

Id. §
101.001(3) (Vernon 2005).  The Texas
Supreme Court has also held that a “state official sued in his official
capacity” should be treated identically to “his employing governmental entity”
under section 51.014(a)(8).  Tex. A&M Univ. Sys. v. Koseoglu, 233
S.W.3d 835, 845 (Tex. 2007).  Thus, to
have jurisdiction over this interlocutory appeal, we must determine (1) whether
Linebarger is the equivalent of a “state official” and (2) the capacity in
which Ross sued Linebarger.

A.      Linebarger as a “State Official”

          Ross
contends on appeal that Linebarger is not a governmental unit, nor is it a
governmental officer or employee of a governmental unit.  The Civil Practice and Remedies Code defines
“employee” as

a person, including an
officer or agent, who is in the paid service of a governmental unit by
competent authority, but does not include an independent contractor, an agent
or employee of an independent contractor, or a person who performs tasks the
details of which the governmental unit does not have the legal right to
control.

 

Tex. Civ. Prac. & Rem.
Code Ann. § 101.001(2) (Vernon 2005).  

          Although
her pleadings allege that “Linebarger, Oyugi, Edwards, and Blair are agents of
such governmental subdivisions [the taxing entities],” Ross argues on appeal
that Linebarger failed to prove that it was an employee rather than an independent
contractor.  However, Ross, as the
plaintiff, bears the burden of pleading facts sufficient to establish the trial
court’s jurisdiction.  See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993).  In her petition, she alleged that
the law firm and its employees were “agents” of various governmental units, and
section 101.001(2) provides that agents in the paid service of a governmental
unit are considered employees.  See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B) (providing that political
subdivisions of state, including cities, counties, and school districts, are
governmental units), § 101.001(2) (defining employee).  Ross has asserted no facts indicating
that the taxing entities did not have the legal right to control the details of
the tax-collecting task delegated to Linebarger.  See id.
§ 101.001(2) (stating that “employee” does not include one whom governmental
unit does not have legal right to control details of work).

          Thus, we conclude that Ross has presented
no evidence to disprove that Linebarger, as an agent of the Fort Bend taxing
authorities, stands as the equivalent of a state official or employee.  We next determine the capacity in which Ross
sued Linebarger.

B.      Capacity

“A
plaintiff may sue a governmental employee or official in the person’s official
capacity, individual capacity, or both.” 
Nueces County v. Ferguson, 97
S.W.3d 205, 213 (Tex. App.—Corpus Christi 2002, no pet.).  Claims against governmental employees in
their official capacities are separate and distinct from claims against
governmental employees in their individual capacities.  Id.
at 213–14.  “It is fundamental that a
suit against a state official is merely ‘another way of pleading an action
against the entity of which [the official] is an agent.’”  Koseoglu,
233 S.W.3d at 844 (quoting Kentucky v.
Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105 (1985)).  In a suit against a person in his official
capacity, the real party in interest is the employing governmental entity.  Id.  A suit against a person in his individual
capacity, however, seeks to impose personal liability on the individual being
sued for personal actions under color of state law.  Ferguson,
97 S.W.3d at 214 (citing Graham, 473
U.S. at 165, 105 S. Ct. at 3105).

Ross’s petition makes various
factual allegations and then generally asserts breach of contract, negligent
misrepresentation, wrongful foreclosure, claims of substantive and procedural
due process violations, a challenge to the validity of the tax sale to
Gorringe, and a claim for excess proceeds against “[Fort Bend] County, [Fort Bend]
ISD, City [of Sugar Land], Schultz, Linebarger, Oyugi, Edwards and Blair in
their official—if any—and individual capacities.”  Thus, the exact nature of the claims against the
law firm and its employees is unclear, and we must examine the “course of proceedings”
to determine the nature of the liability Ross seeks to impose.  See id.
at 215 (citing Graham, 473 U.S.
at 167 n.14, 105 S. Ct. at 3106).

In our review of the pleadings, we
must ascertain the true nature of the plaintiff’s claims and not exalt form
over substance.  Pickell v. Brooks, 846 S.W.2d 421, 424 n.5 (Tex. App.—Austin 1992,
writ denied) (citing State v. Lain,
349 S.W.2d 579, 582 (Tex. 1961)).  Here, Ross alleged a cause of action against the taxing
entities and Linebarger for breach of contract, apparently arising from the
November 2005 installment payment agreement Ross entered into with Patsy
Schultz, the Fort Bend County Tax Assessor, to make payments on her past-due
taxes.  Ross also alleged negligent
misrepresentation, wrongful foreclosure, and procedural due process claims
against the taxing entities and Linebarger, apparently based on (1) her
allegation that “[n]obody at or for the County could count from July 14, 2006,
up 180 days to January 10, 2007 in order to determine the critical deadline for
redemption of the Property” and (2) the failure to give her proper notice of
the actions being taken against her. 
Ross specifically alleged that various people, including an unnamed
constable and Linebarger employees Edwards and Blair, had misinformed her of
the deadline for redeeming the property and that Schultz, Edwards, and Oyugi
had given her conflicting information regarding whether she had successfully
redeemed the property.

Every allegation in Ross’s petition
against Linebarger relates to actions taken in the process of collecting taxes
on behalf of the taxing entities.  She
does not allege any claims or actions by Linebarger that were not a part of its
effort to collect delinquent taxes. 
Thus, we conclude that the true nature of Ross’s claims is that of
claims against Linebarger in its official capacity as an agent of the taxing
entities.  See Pickell, 846 S.W.2d at 424 n.5 (holding that we must determine
true nature of plaintiff’s claims); see
also Koseoglu, 233 S.W.3d at 844 (holding that suit against state official
in his official capacity is merely “another way of pleading an action against
the entity of which [the official] is an agent”).

We conclude that Ross sued the law
firm and its employees in their official capacity only.  See
Pickell, 846 S.W.2d at 424 n.5; see
also Terrell v. Sisk, 111 S.W.3d 274, 281–82 (Tex. App.—Texarkana 2003, no
pet.) (holding that judge was sued in his official capacity only because all
allegations in petition “were of claimed wrongdoing or negligence by [the
judge] in actions he was able to take only because of his position as a public
servant” and it did not allege any actions taken outside his official
capacity).

We
therefore conclude that we have interlocutory jurisdiction to review the trial
court’s grant of Linebarger’s plea to the jurisdiction.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8); Koseoglu, 233 S.W.3d at
845.  We now turn to the merits of Ross’s
appeal.

Plea to the Jurisdiction

In her first issue, Ross contends
that the law firm and its employees are not entitled to any form of immunity
from suit and, therefore, the trial court erred in dismissing all of her claims
against the Linebarger defendants.

A.      Standard of Review

A plea to the jurisdiction is a dilatory plea that is intended to defeat
a cause of action for lack of subject-matter jurisdiction regardless of whether
the claims asserted have merit.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  Subject-matter jurisdiction is essential to the
authority of a court to decide a case and is never presumed.  Tex. Ass’n of Bus., 852 S.W.2d at
443–44.  The plaintiff has the burden to
allege facts affirmatively demonstrating that the trial court has subject-matter
jurisdiction.  Id. at 446.

          The
existence of subject-matter jurisdiction is a question of law.  State Dep’t of Hwys. & Pub. Transp. v.
Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002). 
Therefore, we review the trial court’s ruling on a plea to the
jurisdiction de novo.  Id.  When a plea to the jurisdiction challenges the
existence of jurisdictional facts, the trial court must consider relevant
evidence submitted by the parties.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227 (Tex. 2004).

The plea to
the jurisdiction standard mirrors that of a traditional motion for summary
judgment.  Id. at 228; City of Fort
Worth v. Robinson, 300 S.W.3d 892, 895 (Tex. App.—Fort Worth 2009, no pet.).  The governmental unit must meet the summary
judgment standard of proof for its assertion that the trial court lacks
jurisdiction.  Miranda, 133 S.W.3d at 228; Robinson,
300 S.W.3d at 895.  Once the governmental
unit meets its burden, the plaintiff must show that there is a disputed
material fact regarding the jurisdictional issue.  Miranda,
133 S.W.3d at 228; Robinson, 300
S.W.3d at 895.  We take as true all
evidence favorable to the nonmovant, and we indulge every reasonable inference
and resolve any doubts in the nonmovant’s favor.  Robinson,
300 S.W.3d at 895; see Miranda, 133
S.W.3d at 228.  If the evidence creates a
fact question regarding jurisdiction, the trial court cannot grant the plea to
the jurisdiction, and the fact issue will be resolved by the fact-finder;
however, if the relevant evidence is undisputed or fails to raise a fact
question on the jurisdictional issue, the trial court rules on the plea as a
matter of law.  Miranda, 133 S.W.3d at 227–28.  In deciding a plea to the jurisdiction, a
court may not consider the merits of the case, but only the plaintiff’s
pleadings and the evidence pertinent to the jurisdictional inquiry.  County of Cameron v. Brown, 80 S.W.3d
549, 555 (Tex. 2002).

B.      Linebarger’s Entitlement to Governmental
Immunity

Ross contends that Linebarger is
not entitled to sovereign, governmental, or official immunity.  Linebarger contends that it is entitled to
governmental immunity because it and its employees are agents of the taxing entities
performing the governmental function of tax collection.

The doctrine of governmental
immunity protects political subdivisions of the State from lawsuits for damages
absent a waiver of immunity or legislative consent to sue.[4]  MBP
Corp. v. Bd. of Trustees of Galveston Wharves, 297 S.W.3d 483, 487 (Tex.
App.—Houston [14th Dist.] 2009, no pet.). 
It is undisputed that the taxing entities represented by Linebarger are
governmental units.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.001(3)(B) (defining governmental unit as including
“a political subdivision of this state, including any city, county, [and]
school district”).  It is likewise clear
that suits against the taxing entities for actions taken in the course of
assessing and collecting taxes are barred by governmental immunity.  See id.
§ 101.055 (Vernon 2005) (providing for no waiver of immunity under Texas Tort
Claims Act for any claim arising in connection with assessment or collection of
taxes by governmental unit).

Although Linebarger itself is not a
governmental unit, we have already concluded that Ross sued it as a governmental
agent in its official capacity, and thus it can assert the governmental
immunity enjoyed by the taxing entities. 
See Koseoglu, 233 S.W.3d at
843–44 (holding that “an official sued in his official capacity would assert
sovereign immunity” and that “[w]hen a state official files a plea to the
jurisdiction, the official is invoking the sovereign immunity from suit held by
the government itself”); see also
Ferguson, 97 S.W.3d at 215 (holding that government employee sued in his
official capacity enjoys sovereign immunity protection only to extent that he
was acting in his official capacity).  Thus,
the question before this Court is whether Linebarger, engaged by the governmental
units for the purpose of performing the governmental function of collecting
taxes, has established its immunity from suit as a governmental agent for its actions
taken while collecting the taxes.  See Miranda, 133 S.W.3d at 228 (holding that
governmental unit must meet summary judgment standard of proof for its
assertion that trial court lacks jurisdiction).

In City of Houston v. First City National Bank, this Court addressed
the issue of whether counsel for various taxing units was liable for attorney
fees incurred by a taxpayer in a suit to force the taxing units to comply with
terms of an agreement.  827 S.W.2d 462,
479 (Tex. App.—Houston [1st Dist.] 1992, writ denied).  We held that tax collection activity by a
city or school district is a governmental, and not a proprietary, function,
“and the mere fact that the tax collection function has been assigned to a
private law firm does not change the nature of the function from governmental
to proprietary.”  Id. at 480.  We also observed
that section 101.055 of the Texas Tort Claims Act (TTCA) was intended “to
insure immunity to the taxing unit while performing the governmental function
of collecting revenue.”  Id. at 481.  Therefore, “imposing personal liability upon
[the taxing unit’s] agent while performing this governmental function would be
contrary to public policy.”  Id.

In First City Bank, we also addressed the nature of the liability of
an agent.  We discussed the established
rule “that where an agent acts on behalf of a disclosed principal . . . within
the scope of the authority conferred on him, it will not ordinarily be
personally liable to the other party to the contract, in the absence of an agreement
to the contrary or other circumstances showing that he has, either expressly or
impliedly, assumed such liability.”  Id. at 480.  We stated that the only exceptions to the
general rule that “[i]n a legitimate transaction, an agent is ordinarily liable
only to his principal” occur when (1) the agent contracts in his own name, (2)
the principal is undisclosed, (3) the agent is authorized to act as the owner
of the property, or (4) the agent has an interest in the subject matter of the
contract.  Id.

Here, as we have already discussed,
Ross’s own pleadings allege that the Linebarger defendants were agents of the
taxing entities.  In her live petition,
Ross alleged a cause of action “against County, ISD, City, Schultz, Linebarger,
Oyugi, Edwards, and Blair” for breach of contract based on the November 2005 installment
payment agreement.  Ross also alleged
negligent misrepresentation, wrongful foreclosure, and procedural due process
claims against the taxing entities and Linebarger based on her allegations that
no one gave her proper notice of the actions being taken against her, that
“[n]obody at or for the County could count from July 14, 2006, up 180 days to
January 10, 2007 in order to determine the critical deadline for redemption of
the Property,” that various people, including a county official and Linebarger
employees, misinformed her of the deadline for redeeming the property, and that
Schultz and Linebarger employees had given her conflicting information
regarding whether she had successfully redeemed the property.

Every allegation in Ross’s petition
relates to actions taken by Linebarger in the process of collecting taxes on
behalf of the taxing entities.  She does
not allege any claims or actions taken by the law firm or any of its employees
that were not a part of the delegated governmental function of collecting
Ross’s delinquent taxes.

Ross argues that “[t]he application
of [sovereign immunity] and [governmental immunity] to law firms collecting
taxes has been rejected,” relying on Gonzalez
v. Heard, Goggan, Blair & Williams, 923 S.W.2d 764 (Tex. App—Corpus Christi 1996, writ denied) and Zuniga v. Navarro & Assocs., P.C.,
158 S.W.3d 663 (Tex. App.—Corpus Christi 2005, pet. denied).  However, Ross misreads the holdings in Gonzalez and Zuniga, both of which are distinguishable from the present case.

In Gonzalez, the Corpus Christi Court of Appeals reversed the trial
court’s rendition of summary judgment in favor of a law firm on the ground of
sovereign immunity because it determined that the law firm had not presented
adequate evidence to establish whether it was “an independent contractor or an
agent/employee” of the taxing units.  923
S.W.2d at 766.  In Gonzalez, the court also noted that the firm was “sued for its own
actions involving foreclosure on the Gonzalez’ property, not the actions of the
taxing entities.”  Id. at 767.  In Zuniga, the court relied on Gonzalez in reversing the trial court’s
summary judgment in favor of the law firm on the grounds of sovereign and
official immunity, again because the firm had failed to produce adequate
summary judgment evidence to establish that it was an agent-employee of the
governmental entity acting in good faith. 
158 S.W.3d at 673.  As in Gonzalez, the plaintiffs did not sue the law firm for acts in foreclosing on
or selling the property.  Id. at 668.  Instead, the plaintiffs in Zuniga, who were not the original owners
of the property, but were the purchasers of the property at the foreclosure sale,
based their claims on “misrepresentations made outside the foreclosure or tax
collection process.”  Id.

Ross, by contrast, alleged all of
her causes of action against both the taxing entities and Linebarger.  Her pleadings make it clear that, just as in First City Bank, she is suing Linebarger
for its actions taken in the course of accomplishing the governmental act
delegated to it by the taxing entities that enjoy immunity for the very same act.  See
First City Bank, 827 S.W.2d at 480–81. 
Thus, we conclude that imposing personal liability on Linebarger for
actions taken while performing the governmental function of collecting taxes
would be contrary to public policy.  See id. at 481.

We conclude that the trial court correctly
granted Linebarger’s plea to the jurisdiction and dismissed all of Ross’s
claims against the law firm and its employees.[5]

We overrule Ross’s first issue.

Evidentiary Rulings

In her second and third issues,
Ross complains about the evidentiary rulings of the trial court.  Ross filed a motion to strike and various
objections to portions of the evidence that Linebarger attached to its plea to
the jurisdiction, motion for summary judgment, and motion to sever.  The trial court denied the motion to strike
and overruled all of the objections.

To obtain reversal of a judgment
based upon the improper admission of evidence, Ross must show that the trial
court committed error and that the error was reasonably calculated to cause and
probably did cause the rendition of an improper judgment.  See Tex. R. App. P. 44.1(a).  Error based on the admission of evidence is
generally not reversible unless the appellant can demonstrate that the judgment
turns on the particular evidence excluded or admitted.  Interstate
Northborough P’ship v. State, 66 S.W.3d 213, 220 (Tex. 2001).

Ross cannot demonstrate that the
trial court’s judgment turned on any particular evidence admitted by the trial
court.  As we have already discussed, the
facts as alleged in her own pleadings are sufficient to support the trial
court’s determination that all of her claims against Linebarger are barred by
immunity.  Thus, any extraneous evidence
attached to Linebarger’s plea to the jurisdiction, motion for summary judgment,
and motion to sever is irrelevant to the disposition of this case.  See id.

We overrule Ross’s second and third
issues.

Conclusion

          We affirm
the order of the trial court granting the plea to the jurisdiction of appellees
Linebarger, Goggan, Blair & Sampson, LLP, Mandy Oyugi, Damon D. Edwards,
and Maris A. Blair.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.











[1]
          Ross sued Fort Bend County, Fort
Bend Independent School District, the City of Sugar Land, Patsy Schultz,
Linebarger, Goggan, Blair & Sampson, LLP, Mandy Oyugi, Damon D. Edwards,
Maris A. Blair, and Robert Gorringe in cause number 08-DCV-166027 in the 400th
District Court of Fort Bend County.

 





[2]
          The record contains no
explanation of the relationship between Ross and Phoenix.





[3]
          This is asserted by both
parties, but the record contains no documentation of Gorringe’s objection or
subsequent sale of the property.





[4]
          Sovereign immunity refers to the State’s immunity from suit and
liability, and is not implicated in this case. 
See MBP Corp. v. Bd. of Trustees of Galveston Wharves, 297 S.W.3d 483, 487 n.3 (Tex. App.—Houston
[14th Dist.] 2009, no pet.).  However,
the terms “sovereign immunity” and “governmental immunity” are often used
interchangeably; therefore, we use term governmental immunity except when
quoting a case or other source that uses the term sovereign immunity to refer
to the immunity of political subdivisions of the state.





[5]
          Ross’s petition also asserts
waiver of immunity by the defendants, including Linebarger, by breach of
contract and waiver by conduct.  These
grounds for waiver of immunity are not addressed in Ross’s appellate brief, and
are therefore waived for failure to brief. 
See Tex. R. App. P. 38.1(i).