Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-11-00180-CV

Fuming **WU**,
Appellant

v.

**TEXAS A&M INTERNATIONAL UNIVERSITY** and Rafic A. Bachnak in his Individual and
Official Capacities,
Appellees

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2010-CVQ-001706-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  November 9, 2011

AFFIRMED

Fuming Wu appeals the trial court's order granting appellees' plea to the jurisdiction and
dismissing his Whistleblower Act suit with prejudice.  We hold that appellant has not pled a
cause of action for which the state's immunity from suit has been waived, and we affirm the trial
court's judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

Fuming Wu was an assistant professor in the Department of Mathematical and Physical Sciences at Texas A&M International University (TAMIU). In January 2009, Dr. Wu received a notice of non-reappointment and was advised his employment at TAMIU would end May 31, 2010. Soon thereafter, TAMIU declined to conduct a review of Dr. Wu's 2008 performance. On April 1, 2009, Dr. Wu filed a charge of discrimination with the EEOC. The complaint alleged Dr. Wu had been discriminated against because of his race or national origin. Dr. Wu asserted in the complaint that his non-reappointment was the result of TAMIU's goal "to change the faculty portfolio to match that of the student population," and that this goal was being implemented in his department "through repeated and serious violations of freedom of speech, academic freedom, federal equal pay act, and Title VII of Civil Right [sic] of 1964, as amended."

On its attorney's advice, TAMIU decided to conduct Dr. Wu's 2008 annual performance evaluation. The review was conducted by the chairman of the department, Dr. Rafic A. Bachnak. Dissatisfied with the results of the review, Dr. Wu amended his EEOC complaint against TAMIU, to allege he "received this adverse evaluation in retaliation for filing [his] EEOC charge of discrimination."

Dr. Wu then filed this Whistleblower Act suit against TAMIU and Dr. Bachnak, individually and in his official capacity, alleging they took adverse personnel action against him in retaliation for his reporting violations of the law to the EEOC. Dr. Wu also filed a Title VII discrimination suit in federal court after receiving a right to sue letter from the EEOC.

The defendants filed a plea to the jurisdiction, arguing (1) Dr. Wu does not have standing to assert a private right of action against Dr. Bachnak in his individual capacity and (2) there has been no waiver of sovereign immunity for the Whistleblower Act claim against TAMIU and Dr.

Bachnak in his official capacity. The defendants argued that pursuant to the Texas Supreme Court opinion in *City of Waco v. Lopez*, 259 S.W.3d 147 (Tex. 2008), Dr. Wu's exclusive state statutory remedy is the Texas Commission on Human Rights Act (CHRA), and therefore sovereign immunity for a Whistleblower Act claim has not been waived. The trial court granted the plea and dismissed Dr. Wu's claims with prejudice.

## DISCUSSION

In one issue, Dr. Wu contends the trial court erred in granting the plea to the jurisdiction, arguing his Whistleblower Act claim against TAMIU and Dr. Bachnak in his official capacity is not barred under the reasoning of the *Lopez* decision. Dr. Wu has not briefed the standing argument that was the basis of the trial court's ruling granting Dr. Bachnak's individual plea to the jurisdiction and he makes no arguments challenging the trial court's order dismissing the claims against Dr. Bachnak in his individual capacity. We therefore affirm the judgment dismissing the claim against Dr. Bachnak, individually.

### *Standard of Review*

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We "must also consider evidence tending to negate the existence of jurisdictional facts when necessary to resolve the jurisdictional issues raised." *Lopez*, 259 S.W.3d at 150. We construe the pleadings liberally in favor of the plaintiff, and if there is a fact question regarding jurisdiction, the plea to the jurisdiction should not be granted. *Lopez*, 259 S.W.3d at 150; *Miranda*, 133 S.W.3d at 226-28. However, "[i]f the pleadings or evidence affirmatively negate a jurisdictional fact, . . . a court

may grant a plea to the jurisdiction without allowing the plaintiff to amend." *Lopez*, 259 S.W.3d at 150. "These are questions of law that we review *de novo*." *Id.*

### *The Lopez decision*

The plaintiff in *Lopez* sued the City of Waco under the Whistleblower Act, alleging the City fired him in retaliation for reporting age and race discrimination in a grievance he filed with the City's EEO officer. *Lopez*, 259 S.W.3d at 150. The City argued the suit was barred by sovereign immunity, and the Texas Supreme Court agreed. *Id.* at 149. The court first noted that the CHRA proscribes retaliation for opposing conduct made unlawful by Title VII of the Civil Rights Act of 1964 or by the CHRA, which conduct includes adverse employment decisions based on race, color, disability, religion, sex, national origin, or age. *Id.* at 150-51; *see* TEX. LABOR CODE ANN. §§ 21.001, 21.051 & 21.055 (West 2006). The court found that Lopez's retaliatory discharge claim stated a claim within the scope of the CHRA. *Lopez*, 259 S.W.3d at 151-52. The court then held that the CHRA is the exclusive state statutory remedy for public employees alleging retaliation arising from activities protected under the Act. *Id.* at 155. The court found the legislature did not intend "that retaliation suits premised on discriminatory conduct by a public employer — and thus undeniably covered by the CHRA — can be maintained under the Whistleblower Act instead." *Id.* The court concluded that Lopez's claim that his employment was terminated in retaliation for complaining that an earlier adverse employment action was the result of age and race discrimination fell "squarely under the CHRA, which provides his exclusive state statutory remedy." *Id.* at 156. Because Lopez did not plead a claim under the CHRA and the time for doing so had elapsed, Lopez failed to state a claim for which the City's immunity from suit had been waived. *Id.*

***Dr. Wu's arguments***

Dr. Wu first argues that the holding in *Lopez* is limited to claims of retaliatory *discharge* and therefore does not apply to his claim that TAMIU retaliated against him by giving him a negative performance review. His argument is based on the following statements in the *Lopez* opinion:

> Our holding is limited to retaliatory discharge claims premised on the type of harm the CHRA was enacted to redress. We express no opinion about whether a Whistleblower Act claim may be available to vindicate retaliation based on other laws that define discrimination to include conduct that is not prohibited under the CHRA.

*Id.* We disagree with Wu's contention that by these statements the supreme court intended to hold that a public employee's state law remedy is limited *only* when the alleged retaliation takes the form of a discharge. Such a holding would conflict with the reasoning and statements in the rest of the *Lopez* opinion. After examining both CHRA and the Whistleblower Act, the court in *Lopez* found it was "conceptually untenable that the Legislature would have erected two alternative state statutory remedies, one that enacts a structured scheme favoring investigation and conciliation and carefully constructs rights, remedies, and procedures under that scheme (the CHRA) and one that would significantly undermine that scheme (the Whistleblower Act)." *Id.* at 155-56. Nothing in the opinion suggests that making alternative remedies available is more tenable if the employee alleges retaliation less severe than discharge. Moreover, the court expressly held, without limiting the form of the retaliation, that "the CHRA provides the exclusive state statutory remedy for public employees alleging retaliation arising from activities protected under the CHRA." *Id.* at 155.

Dr. Wu next contends that his petition alleged Whistleblower Act claims for which sovereign immunity has been waived because his petition alleged retaliation for reporting

violations of the federal Equal Pay Act and the First Amendment — conduct he contends is not within the ambit of the CHRA.[1] The federal Equal Pay Act protects men and women who perform substantially equal work in the same workplace from sex-based wage discrimination. 29 U.S.C. § 206(d). Employment discrimination on the basis of sex is one of the types of discrimination made unlawful under the CHRA. TEX. LABOR CODE ANN. § 21.051. A complaint that the federal Equal Pay Act has been violated may be filed with the EEOC or the Texas Workforce Commission. *See* 29 C.F.R. pt. 1620 (EEOC regulations relating to enforcement of Equal Pay Act by EEOC). A report of sex discrimination under the Equal Pay Act therefore is an activity protected under the CHRA, and the CHRA is the exclusive state statutory remedy for a public employee claiming retaliation for making such a report. *See Lopez*, 259 S.W.3d at 155.

Dr. Wu is an employee covered under the CHRA and his claim of retaliation for filing an EEOC charge reporting race and national origin discrimination and federal Equal Pay Act

---

[1] The relevant allegations in Dr. Wu's petition are:

> 3. Plaintiff alleges that he received an adverse performance evaluation for calendar year 2008 in retaliation for filing, in good faith, his EEOC charge of discrimination, in violation of Title VII of Civil Rights Act of 1964, as amended.
>
> . . .
>
> 23. On April 1, 2009, Plaintiff filed in good faith with the EEOC a discrimination charge against Defendant TAMIU alleging racial and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended. In this filing, Plaintiff also alleged several other wrongful conducts in violation of the First Amendment Rights and Federal Equal Pay Act.
>
> . . .
>
> 37. On February 9, 2010, the EEOC charge of discrimination was amended, where, Plaintiff alleged that he received an adverse performance evaluation in retaliation for filing his EEOC charge of discrimination, 451 2009 00985, in violation of the Civil Rights Act of 1964, as amended.
>
> . . .
>
> 43. Plaintiff clearly established that his rights, under the Texas Whistleblower Act, were violated by Defendants TAMIU and BACHNAK when BACHNAK gave Plaintiff the negative annual performance evaluation in retaliation for his good-faith filing of the EEOC charge of discrimination.

violations "falls squarely within the CHRA's ambit." *Id*. at 149. Therefore, his exclusive state law remedy is the CHRA and immunity for a Whistleblower Act claim has not been waived. *Id*. at 156. Because Dr. Wu elected to pursue administrative proceedings with the EEOC and file his discrimination suit in federal court, the election of remedies provision in the CHRA precludes him from pursuing the same claim in state court under the CHRA, and any amendment of his pleadings would be futile. *See* TEX. LABOR CODE ANN. § 21.211 (West 2006); *Lopez*, 259 S.W.3d at 155.

Finally, Dr. Wu's contention that he was retaliated against for reporting a violation of the First Amendment to the EEOC does not allege a claim under the Whistleblower Act. *See State v. Lueck*, 290 S.W.3d 876, 881 (Tex. 2009) (plaintiff's pleading must actually allege a violation of the Whistleblower Act for there to be a waiver of immunity from suit). The Whistleblower Act prohibits retaliation against a public employee who reports a violation of law "to an appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a) (West 2004). For purposes of the Whistleblower Act, "a report is made to an appropriate law enforcement authority" only if the employee in good faith believes the governmental entity to whom the report is made is authorized to "regulate under or enforce the law alleged to be violated in the report" or "investigate or prosecute a violation of criminal law." *Id.* § 554.002(b). The EEOC does not have the authority to regulate under, investigate, enforce, or prosecute a violation of the First Amendment to the United States Constitution. *See* 42 U.S.C. § 2000e-2 – § 2000e-5. As a matter of law, the EEOC is not an "appropriate law enforcement authority" under section 554.002(b) to which a public employee would report a violation of the First Amendment. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002). The uncontroverted allegations in the pleadings affirmatively negate jurisdiction because the "report" of a violation

of the First Amendment was not made "to an appropriate law enforcement authority." *See Lueck*, 290 S.W.3d at 885-86. Dr. Wu did not allege in his petition, present evidence or argument in response to the plea to the jurisdiction, or argue on appeal that he in good faith believed the EEOC had the power to regulate under, investigate, enforce, or prosecute a violation of the First Amendment. Dr. Wu failed to allege facts affirmatively demonstrating the jurisdiction of the trial court, and that court therefore did not err in dismissing Dr. Wu's claims against TAMIU.

A public employee being sued in his official capacity enjoys the same sovereign immunity as his employer. *See Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 745 (Tex. App.—Houston [1st Dist.]. 2010, no pet.); *Hidalgo Co. v. Gonzalez*, 128 S.W.3d 788, 793 (Tex. App.—Corpus Christi 2004, no pet.); *see also Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843-44 (Tex. 2007) (holding that agent of state sued in official capacity may assert sovereign immunity because suit is merely another way of pleading an action against the governmental entity of which the official is an agent). The trial court therefore did not err in also granting the plea to the jurisdiction of Bachnak in his official capacity.

The trial court's judgment is affirmed.

Steven C. Hilbig, Justice