

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00774-CV

Ray **BASALDUA**,
Appellant

v.

George **FARINACCI**, LaDona Farinacci and Jim House,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-05926
Honorable Larry Noll, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                    Karen Angelini, Justice
                    Jason Pulliam, Justice

Delivered and Filed:  September 2, 2015

AFFIRMED

Appellant Ray Basaldua appeals a summary judgment granted in favor of appellees George Farinacci, LaDona Farinacci, and Jim House.  In his first issue, Basaldua contends the appellees' motion challenged only one of his causes of action; therefore, the trial court erred in granting summary judgment on all of his claims.  In his second issue, Basaldua asserts the trial court erred in granting summary judgment based on the law applicable to volunteer board members because he sued the appellees in their individual capacities.  We affirm the trial court's judgment.

**BACKGROUND**

Basaldua was the independent project manager/builder for an addition to a house in the Clear Springs Park Subdivision which was subject to protective covenants and deed restrictions. On November 9, 2012, the homeowner informed Basaldua that she had been sued by the Clear Springs Park Property Owners Association which had obtained a temporary restraining order against her. The lawsuit was filed because the homeowner had proceeded with the work to her house without obtaining the Association's approval as required by protective covenants and deed restrictions. When the homeowner terminated her agreement with Basaldua, Basaldua filed the underlying lawsuit against the homeowner and the appellees, who were members of the Association's board. Basaldua asserted claims for fraud, tortious interference with existing contract, tortious interference with prospective relations, breach of contract, and aiding and abetting.

In his petition, the actions on which Basaldua bases his claims against the appellees are the filing of the lawsuit against the homeowner and the alleged filing of fraudulent documents with the court. The petition alleged the documents contained misrepresentations that the appellees were officers of the Association who had the authority to approve construction plans and to institute legal action based on the protective covenants and deed restrictions. In filing the lawsuit and the documents, Basaldua alleged the appellees acted fraudulently and tortiously interfered with his contract and business relationship with the homeowner.

The appellees filed a motion for summary judgment. The appellees first asserted summary judgment should be granted "dismissing Plaintiff's causes of action" because the appellees are immune from liability as volunteer board members of the Association. The appellees cited both federal and state law, asserting the federal Volunteer Protection Act "is a statutory bar to Plaintiff's claims" and the Texas Non-Profit Corporation Act also protected them from "liability for

Plaintiffs' claims." The appellees also asserted Basaldua could not prevail on his breach of contract claim because no contract existed between the appellees and Basaldua.

Basaldua filed a response to the appellees' motion. The response did not address the appellees' argument or legal authority regarding immunity. Instead, the response simply stated the appellees had not met the traditional summary judgment burden.

After a hearing, the trial court granted the appellees' motion. The trial court's order states, "This order disposes of all Plaintiff's claims against Defendants." Basaldua nonsuited his claims against the homeowner, making the trial court's judgment final, and he timely appealed.

### DISCUSSION

In his first issue, Basaldua contends the trial court erred in granting summary judgment as to all of his claims because the appellees' motion only addressed his breach of contract claim. Summary judgment may not be granted on a cause of action not addressed in the summary judgment motion. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 218 (Tex. 2000); *Chessher v. Southwestern Bell Tel. Co.*, 658 S.W.2d 563, 564 (Tex. 1983). In this case, however, the appellees' motion addressed all of Basaldua's claims by asserting they were immune from liability as to all of his claims. Accordingly, Basaldua's first issue is overruled.

In his second issue, Basaldua asserts he sued the appellees as individuals, not as board members of the Association. To determine the capacity in which a person is sued, we look at the course of the proceedings and the nature of the liability the plaintiff seeks to impose. *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736, 743 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Harless v. Niles*, 100 S.W.3d 390, 395 (Tex. App.—San Antonio 2002, no pet.). "In our review of the pleadings, we must ascertain the true nature of the plaintiff's claims and not exalt form over substance." *Ross*, 333 S.W.3d at 743.

In this case, Basaldua seeks to hold the appellees liable for filing the lawsuit against the homeowner and for documents filed in that lawsuit. The lawsuit against the homeowner, however, was filed by the Association, not the appellees. Accordingly, any actions by the appellees in relation to the lawsuit were undertaken in their capacity as members of the Association's board. Basaldua does not assert any issue challenging the appellees' entitlement to immunity in their capacity as the Association's board members. Because Basaldua sought to impose liability on the appellees for actions taken in their capacity as members of the Association's board, we overrule his second issue.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice