

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-15-00773-CV

**AECOM USA, INC**. and TCB, Inc.,
Appellants

v.

Jose Maria **MATA,** Individually, as Next Friend of Monica Gabriel Mata, and on behalf of the
Estate of Martha Alicia Jimenez-Mata; Juan Gil Mata, Individually, and as Next Friend of Juan
Gilardo Mata, Gilberto Mata, Jose M. Mata Jimenez, and Saira Moreno,
Appellees

From the 293rd Judicial District Court, Maverick County, Texas
Trial Court No. 14-09-30070-MCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  September 21, 2016

DISMISSED FOR LACK OF JURISDICTION

AECOM USA, Inc. and TCB, Inc. (collectively, "AECOM") appeal from an interlocutory

order denying their motion for summary judgment based on sovereign immunity. AECOM, a

private engineering company, contracted with the Texas Department of Transportation (TxDOT)

to provide services related to the design and construction of a multi-lane roadway in Maverick

County, Texas. After a fatal traffic accident took place on the roadway, the individuals involved

in the accident and their family members sued AECOM for negligence. AECOM moved for

summary judgment, arguing it was "immune from suit under the principles of derivative sovereign or official immunity." The trial court ultimately denied the motion. Because we conclude we lack jurisdiction to consider the merits of this interlocutory appeal, we dismiss for lack of jurisdiction.

## BACKGROUND

Martha Mata was driving in Eagle Pass, Texas, when her car left the roadway and struck a steel pole located on a concrete traffic island. Mata sustained fatal injuries in the accident. The two passengers in Mata's car also sustained injuries, but they survived the accident. One of the adults involved in the accident and other family members ("the Matas") filed suit against AECOM, claiming the engineering firm was negligent in designing the intersection where the accident took place. AECOM filed an answer in which it denied the allegations in the Matas' petition. Thereafter, AECOM filed a motion for summary judgment, arguing it was immune from suit based on sovereign or official immunity. The Matas filed a response, asserting AECOM failed to meet its burden to establish, as a matter of law, that it was shielded from suit by immunity. The trial court initially granted the summary judgment motion. However, the Matas filed a motion for new trial and, after a hearing, the trial court denied the summary judgment motion.[1] AECOM appealed.

## SOVEREIGN IMMUNITY

Sovereign immunity bars suits against the state and its governmental units absent legislative consent. *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 119 (Tex. 2015). Because sovereign immunity deprives a trial court of subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). However, the absence of subject-matter jurisdiction may also be raised in

---

[1] The Honorable Ron Carr granted the motion for summary judgment. The Honorable Cynthia Muniz granted the motion for new trial, vacated the order granting the motion for summary judgment, and denied the motion for summary judgment.

other procedural vehicles, such as a motion for summary judgment. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The term "plea to the jurisdiction" refers to the substance of the immunity argument and not to a particular procedural vehicle. *Texas Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004).

## APPELLATE JURISDICTION

Shortly after AECOM filed its notice of appeal, we issued an order questioning our jurisdiction over this appeal. In response, AECOM filed a jurisdictional brief in which it asserted this court had jurisdiction over this interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. We made a preliminary determination that we had appellate jurisdiction and retained the appeal on our docket. Thereafter, AECOM and the Matas filed briefs on the merits.

We may not address the merits of an appeal absent jurisdiction. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars and No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 291-92 (Tex. 2013). Therefore, we begin our analysis by reconsidering our appellate jurisdiction.

The general rule is that only final judgments and orders are appealable. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex. 2001). "A party may not appeal an interlocutory order unless authorized by statute." *Id*. at 352. Section 51.014 of the Texas Civil Practice and Remedies Code authorizes immediate appeals from certain interlocutory orders. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2016). In this case, AECOM contends this court has jurisdiction over this appeal under section 51.014(a)(8), which authorizes an immediate appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." *Id*. § 51.014(a)(8). Section 101.001(3) of the Texas Civil Practice and Remedies Code defines "governmental unit" as:

(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

*Id*. § 101.001(3).

Section 51.014 is a narrow exception to the general rule that only final judgments and orders are appealable. *Jackson*, 53 S.W.3d at 355. For this reason, section 51.014 is strictly construed. *Id*. In order to fall under section 51.014(a)(8), the party raising immunity must be a "governmental unit" as that term is defined in section 101.001(3).

Here, none of the definitions in section 101.001(3) apply to AECOM. AECOM is a private company that contracted with TxDOT to provide services related to the design and construction of a roadway. AECOM is not the state or an agency of government that constitutes the government of the state. Nor is AECOM a political subdivision of this state or an emergency service organization. Finally, AECOM is not an institution, agency, or organ of government the status of which is derived from the state constitution or laws passed by the legislature. Thus, AECOM is not a "governmental unit" as that term is defined in section 101.001(3).

AECOM does not contend that any of the four definitions of "governmental unit" applies to it. Instead, AECOM argues "[a]ppellate [c]ourts have jurisdiction over an interlocutory appeal based upon the denial of a private entity's plea to the jurisdiction if that entity is the equivalent of a 'state official' and sued in that capacity." To support its argument, AECOM cites *Ross v. Linebarger, Goggan, Blair & Sampson, L.L.P.*, 333 S.W.3d 736 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In *Ross*, the plaintiff sued a law firm when her real property was sold at a tax sale after she failed to pay her taxes. *Id*. at 739. The law firm filed a plea to the jurisdiction, arguing that it was immune from suit because its clients, the taxing entities, were protected by governmental immunity. *Id*. at 740. The law firm further asserted its employees were likewise protected, under the doctrine of official immunity, from claims related to their activities in the collection of taxes for the taxing governmental entities. *Id*. The trial court agreed, granting the law firm's plea to the jurisdiction. *Id*. at 741. The plaintiff appealed the order, which was interlocutory because it failed to dispose of all of the parties in the suit. *Id*. The appellate court concluded it had jurisdiction to review the trial court's grant of the law firm's plea to the jurisdiction under section 51.014(a)(8). *Id*. at 744.

In *Ross*, the appellate court did not rely on the definitions of governmental unit set out in section 101.001(3) of the Texas Civil Practice and Remedies Code in determining its jurisdiction over the interlocutory appeal. *Id*. at 742. Instead, the appellate court relied on *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835 (Tex. 2007), a case in which the Texas Supreme Court held that the appellate court had jurisdiction to consider a government official's appeal of the denial of his plea to the jurisdiction based on sovereign immunity. *Ross*, 333 S.W.3d at 742 ("The Texas Supreme Court has also held that 'a state official sued in his official capacity' should be treated identically to 'his employing governmental entity' under section 51.014(a)(8).").

In *Koseoglu*, the Texas Supreme Court explained that construing section 51.014(a)(8) to exclude state officials would draw an artificial distinction between pleas filed by governmental entities and pleas filed by state officials asserting the entities' sovereign immunity from suit. 233 S.W.3d at 844. The Texas Supreme Court further explained that "[a] suit against a state official in his official capacity is *not* a suit against the official personally, for the real party in interest is the [governmental] entity." *Id.* (internal quotations omitted; emphasis in original).

In *Ross*, the appellate court extended *Koseoglu* to the situation before it and applied an alternative test to determine whether it had jurisdiction over the appeal under section 51.014(a)(8). 333 S.W.3d at 742-44. Under this test, the appellate court considered whether the law firm was (1) the equivalent of a state official, and (2) the capacity in which the law firm was sued. *Id.* at 742. Importantly, in *Ross*, the plaintiff's pleadings alleged that the law firm and its employees were agents of various governmental units, and that under an applicable statute, agents in the paid service of a governmental unit were considered employees. *Id.* The appellate court concluded that, in light of these pleadings, the law firm stood "as the equivalent of a state official or employee." *Id.* Additionally, the appellate court concluded that because every allegation in the plaintiff's petition related to actions taken in the process of collecting taxes on behalf of the taxing entities, the true nature of the plaintiff's claims was against the law firm in its official capacity as an agent of the governmental entities. *Id.* at 743. For these reasons, the appellate court in *Ross* concluded that the law firm was the equivalent of a state official. *Id.* at 744. And, because the party asserting sovereign immunity was the equivalent of a state official, the appellate court further concluded that it had jurisdiction over the appeal. *Id.*

The present case is distinguishable from *Ross*. In *Ross*, the plaintiff pled that the law firm was an agent of the governmental units involved in that case, and the appellate court relied on these pleadings to support its conclusions that the law firm was the equivalent of a state official,

that all of the plaintiff's claims related to actions taken in the process of collecting taxes on behalf of the governmental entities, and that it had jurisdiction over the appeal. *Ross*, 333 S.W.3d at 742-44. In this case, however, the Matas did not plead that AECOM was TxDOT's agent, and nothing in the record establishes that AECOM was TxDOT's agent.

AECOM encourages us to apply the test articulated in *Ross* to determine our jurisdiction over this appeal. AECOM argues that it is the equivalent of a state official because of the control TxDOT exercised over it and its work on the project, and because AECOM was sued by the Matas in that capacity. To support its argument, AECOM directs our attention to the affidavit of Keith Wetzig, AECOM's associate vice-president.[2] In this affidavit, Wetzig explains his understanding of the contractual relationship between AECOM and TxDOT. Specifically, Wetzig states that TxDOT retained AECOM to assist in developing the plans, specifications, and estimate ("the P,S,&E") related to the construction of the roadway where the accident took place. The contract required AECOM to perform the work by using the funding categories, design speed, functional classifications, roadway class and any other criteria set forth in TxDOT's Roadway Design Manual, Bridge Design Manual, Hydraulic Design Manual, and other state-approved manuals. AECOM prepared drawings, specifications, and details for all intersections using the TxDOT standard specifications and, whenever possible, TxDOT standard drawings. Wetzig notes that the contract required AECOM to submit the P,S,&E to TxDOT for its review and approval at the 30%, 60%, 90%, and final stages. And, according to Wetzig, the contract provided that TxDOT was "responsible for the coordination, review, and the quality submission of the PS&E packages prepared by" AECOM. Wetzig further states that AECOM's actions and designs were all subject to governance, oversight, and approval by TxDOT. Finally, Weitzig states that after the PS&E was

---

[2]The affidavit as well as the parties' contract are included in the summary judgment record.

completed and approved by TxDOT, AECOM performed little additional work on the project, and that TxDOT performed the construction management services for the intersection where the accident occurred.

Even if we assume that the test articulated in *Ross* is a proper mechanism to determine our jurisdiction over this appeal, Wetzig's affidavit fails to establish that AECOM is the equivalent of a state official or employee. First, the right to control the details of a person's work determines whether an employment or an independent contractor relationship exists. *Weidner v. Sanchez*, 14 S.W.3d 353, 373 (Tex. App.—Houston [14th Dist.] 2000, no pet.). A written contract expressly providing for an independent contract relationship is generally determinative of the parties' relationship. *Id*. Therefore, the first step in determining the nature of AECOM's relationship with TxDOT calls for an examination of the parties' contract. Second, the type of control exercised by an employer typically includes when and where to begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the work, the tools and appliances used to perform the work, and the physical method or manner of accomplishing the end result. *Thompson v. Travelers Indem. Co.*, 789 S.W.2d 277, 278-79 (Tex. 1990). Wetzig's affidavit does not address these aspects of AECOM's relationship with TxDOT.

Here, the parties' contract indicates that AECOM was an independent contractor, not an employee. The contract did not identify AECOM as a TxDOT employee. The contract expressly provided that AECOM was "doing business with" TxDOT, and prohibited AECOM from providing gifts to any TxDOT employees. The contract also provided that AECOM was responsible for furnishing the necessary equipment and the necessary personnel. Finally, the contract required AECOM to maintain its own insurance and to indemnify TxDOT. *See Olivares*, 461 S.W.3d at 119-20 (noting similar factors supporting the conclusion that a private company was an independent contractor and not an employee of a governmental entity).

We conclude that AECOM is not a governmental unit entitled to bring an interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. Therefore, the trial court's order denying AECOM's summary judgment motion is not an appealable interlocutory order, and we have no jurisdiction over this appeal.

## CONCLUSION

This appeal is dismissed for lack of jurisdiction.

Karen Angelini, Justice