# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00294-CV

---

### ACS State Healthcare, LLC, and Conduent State Healthcare, LLC, Appellants

### v.

### M&M Orthodontics, PA; Dr. Scott Malone, DDS; and Dr. Diana Malone, DDS, Appellees

---

### FROM THE 126TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-14-000321, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## DISSENTING OPINION

Absent an express grant of authority, this Court lacks subject-matter jurisdiction to consider an appeal from an interlocutory order. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001) (citing Tex. Civ. Prac. & Rem. Code § 51.014). Because this appeal is from the denial of a plea to the jurisdiction, the dispositive jurisdictional question is whether Conduent State Healthcare, LLC, previously known as ACS State Healthcare, LLC, ("Healthcare")—a private insurance company—is a "governmental unit" under Section 51.104(a)(8), which incorporates by reference the definition of "governmental unit" from Section 101.001 of the Texas Tort Claims Act (TTCA). *See* Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(8) (authorizing person to appeal interlocutory order that grants or denies plea to jurisdiction "by a governmental unit as that term is defined in Section 101.001"), 101.001(3)

(defining "governmental unit").[1]  Because I would conclude that it is not, I would dismiss this appeal for want of jurisdiction. *See City of New Braunfels v. Carowest Land, Ltd.*, 578 S.W.3d 668, 675–76 (Tex. App.—Austin 2019, no pet.) (concluding that private contractor could not pursue interlocutory appeal from denial of plea to jurisdiction because it "had not shown that it is a governmental entity under section 101.001"); *AECOM USA, Inc. v. Mata*, No. 04-15-00773-CV, 2016 Tex. App. LEXIS 10269, at *1–3, *5–6, *12–13 (Tex. App.—San Antonio Sept. 21, 2016, pet. denied) (mem. op.) (concluding that appellate court lacked jurisdiction to consider merits of interlocutory appeal from order denying summary judgment based on sovereign immunity that was brought by engineering firm and dismissing appeal for want of jurisdiction because appellant "[was] not a governmental unit entitled to bring an interlocutory appeal"); *see also University of the Incarnate Word v. Redus*, 518 S.W.3d 905, 911 (Tex. 2017) (explaining that

---

[1] Section 101.001(3) defines "[g]overnmental unit" to mean:

(A) this state and all the several agencies of government that collectively constitute the government of this state, including other agencies bearing different designations, and all departments, bureaus, boards, commissions, offices, agencies, councils, and courts;

(B) a political subdivision of this state, including any city, county, school district, junior college district, levee improvement district, drainage district, irrigation district, water improvement district, water control and improvement district, water control and preservation district, freshwater supply district, navigation district, conservation and reclamation district, soil conservation district, communication district, public health district, and river authority;

(C) an emergency service organization; and

(D) any other institution, agency, or organ of government the status and authority of which are derived from the Constitution of Texas or from laws passed by the legislature under the constitution.

Tex. Civ. Prac. & Rem. Code § 101.001(3).

"whether an entity is entitled to an interlocutory appeal and whether an entity has sovereign immunity are separate questions with separate analytical frameworks").[2]

Further, even if Healthcare is a "governmental unit" as that term is defined in Section 101.001(3), I would conclude that the TTCA does not apply to appellees' claims. A governmental unit's immunity under the TTCA is waived only as to liability for specified types of damages:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>
> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code § 101.021. Because appellees' claims do not arise from the operation or use of a motor-driven vehicle or motor-driven equipment or from the condition or use of tangible or real property, they do not fall within the types of claims that the TTCA

---

[2] *See also GTECH Corp. v. Steele*, 549 S.W.3d 768, 773 n.6 (Tex. App.—Austin 2018) (explaining that court was not deciding whether GTECH was authorized to bring interlocutory appeal under Section 51.014(a)(8) from trial court's denial of plea to jurisdiction based on derivative sovereign immunity because court possessed jurisdiction under permissive appeal provision), *aff'd*, 606 S.W.3d 726 (Tex. 2020); *Nettles v. GTECH Corp.*, 581 S.W.3d 234, 236 (Tex. App.—Dallas 2017) (considering whether derivative sovereign immunity barred claims in appeal from trial court's order granting plea to jurisdiction and dismissing suit), *aff'd in part and rev'd in part*, 606 S.W.3d 726 (Tex. 2020).

covers.[3]  *See id.*  Thus, I would not address whether Healthcare was an "employee" of the State for purposes of the election of remedies provision of the TTCA.  *See id.* §§ 101.001(2) (defining "employee" for purposes of TTCA), .106(a) (addressing election of remedies between governmental unit and employee of governmental unit).

I also cannot agree with the Court's conclusion that the jurisdictional issue implicates the merits of appellees' claims.  The jurisdictional issue is whether Healthcare is a governmental unit under Section 51.014(a)(8) and therefore entitled to bring an interlocutory appeal.  The issue does not implicate the merits of appellees' claims—whether Healthcare is liable based on its alleged fraud, negligence, or breach of contract arising from its administration of the prior-authorization program for orthodontic Medicaid reimbursement requests.  *Compare University of Tex. v. Amezquita*, No. 03-06-00606-CV, 2009 Tex. App. LEXIS 3872, at *4–5 (Tex. App.—Austin June 4, 2009, no pet.) (mem. op.) (concluding that jurisdictional evidence did not implicate merits of plaintiff's case, explaining that "jurisdictional issue concerns whether incorporating a metal plate into a sidewalk was a discretionary decision, whereas the merits concern whether the University acted negligently"), *with City of Austin v. Saverse*, No. 03-11-00330-CV, 2011 Tex. App. LEXIS 7842, at *2–6 (Tex. App.—Austin Sept. 30, 2011, pet. denied) (mem. op.) (explaining that, in context of premises-defect case, city waives immunity under TTCA and recreational use statute only if it is grossly negligent and that

---

[3] The Court assumes without deciding that appellees' claims are the types of claims that the TTCA would apply to if asserted against the State or its employee or agent, citing *Gonzalez v. Heard, Goggan, Blair & Williams*, 923 S.W.2d 764, 766 (Tex. App.—Corpus Christi–Edinburg 1996, writ denied).  The appeal in that case, however, was from a final summary-judgment based on sovereign immunity in favor of a law firm that was representing a taxing authority, and our sister court reversed the final judgment, concluding that there was a fact issue whether the law firm was acting as an agent or employee of the state taxing authority entitled to sovereign immunity.  *Id.* at 766–67.

4

whether city was grossly negligent implicated merits of plaintiff's claim that "he was injured as a result of the City's gross negligence"); *see also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

For these reasons, I respectfully dissent.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Filed:   August 15, 2024

5